

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
**September 12, 2018 15:49**

By: TRISTAN R. SERRI 0096935

Confirmation Nbr. 1492351

| | |
|---|---|
| LATUNDRA BILLUPS, ET AL. | CV 18 903634 |
| vs. | |
| GEORGIA HUSSEIN | **Judge:** NANCY A. FUERST |

**Pages Filed:** 13



IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| Latundra Billups | ) | CASE NO. |
| c/o Blake A. Dickson, Esq. | ) | |
| 3401 Enterprise Parkway, Suite #420 | ) | |
| Beachwood, Ohio 44122 | ) | JUDGE |
| | ) | |
| and | ) | |
| | ) | |
| Gladys Wade | ) | |
| c/o Blake A. Dickson, Esq. | ) | COMPLAINT. |
| 3401 Enterprise Parkway, Suite #420 | ) | |
| Beachwood, Ohio 44122 | ) | |
| | ) | |
| Plaintiffs | ) | (Jury Demand Endorsed Hereon) |
| | ) | |
| v. | ) | |
| | ) | |
| Georgia Hussein | ) | |
| 1300 Ontario Street | ) | |
| Cleveland, Ohio 44113 | ) | |
| | ) | |
| Defendant. | ) | |

Now come Plaintiffs Latundra Billups and Gladys Wade, by and through their attorneys, Blake A. Dickson, Danielle M. Chaffin and Tristan R. Serri of The Dickson Firm, L.L.C., and for their Complaint, state as follows:

1. At all times herein relevant, Defendant Georgia Hussein was a police officer and an investigator employed by the City of Cleveland.

2. At all times herein relevant Defendant Georgia Hussein was acting in the course and scope of her employment with the City of Cleveland.

3. On or about July 28, 1989, a woman told the police that Anthony Sowell took her into his home on Page Avenue, bound and gagged her, and then raped her.

4. On September 12, 1990, after pleading guilty to attempted rape for the assault on Page

Avenue, Anthony Sowell was sentenced to five (5) to fifteen (15) years in prison and he served fifteen (15) years for the attempted rape and assault of the woman.

5. On June 20, 2005, Anthony Sowell, after repeatedly being denied parole, was released from prison and moved into his family home at 12205 Imperial Avenue in the City of Cleveland.

6. Anthony Sowell registered as a sex-offender and was required to register once a year with the Cuyahoga County Sheriff's Department.

7. On December 8, 2008, Plaintiff Gladys Wade, ran to a police car in the City of Cleveland and told the police officers therein that Anthony Sowell had punched and choked her, tried to rip her clothes off her body and tried to kill her. She was bleeding at the time from a cut that she suffered in Anthony Sowell's house while being assaulted by Anthony Sowell. Anthony Sowell was subsequently arrested and taken into custody.

8. The investigation of this incident was assigned to the Sex Crimes Unit on December 9, 2008, including, but not limited to, Defendant Georgia Hussein, Detective Kristin Rayburn, Lt. Michael Baumiller and Sgt. Antoinette McMahon.

9. An appointment was made with the victim, Plaintiff Gladys Wade, who came to the Unit and provided a written statement and signed medical release forms to get the records related to her injuries.

10. Plaintiff Gladys Wade made it clear that she wanted Anthony Sowell to be prosecuted.

11. Anthony Sowell attacked Plaintiff Gladys Wade on the street, clubbed her and dragged her into his house. There were clear signs of a struggle in the snow outside his house. Then, he tried to kill her. Plaintiff Gladys Wade fought for her life and escaped.

12. During the struggle in Anthony Sowell's home, Anthony Sowell threw Gladys Wade down several flights of stairs. She smashed a window and suffered a laceration. She was badly injured. She bled. There was significant physical evidence in Anthony Sowell's house after the struggle to corroborate Gladys Wade's story.

13. City of Cleveland police officers went to the Anthony Sowell's house and talked to nearby witnesses on Imperial Avenue.

14. One witness, who had observed Ms. Wade bleeding from her head, had been asked by Ms. Wade to call the police.

15. Anthony Sowell was subsequently arrested and taken into custody. While in a holding cell at the City Jail, City of Cleveland detectives and/or police officers took photographs of Anthony Sowell, which showed scrapes and abrasions to his left shoulder as well as both legs, indicating that he had been in a physical altercation with someone.

16. Anthony Sowell provided a written statement.

17. On December 10, 2008, Defendant Georgia Hussein met with Assistant City Prosecutor Lorraine Coyne. Upon review of the case, they decided there was not sufficient evidence to file charges and decided to release Anthony Sowell from custody.

18. Specifically, Defendant Hussein claimed that there were "no visible signs" of injuries, despite witnesses seeing Gladys Wade bleeding. Plaintiff Gladys Wade had clear and obvious injuries after the attack and she had Anthony Sowell's DNA on her body. Anthony Sowell had Plaintiff Gladys Wade's DNA on his body. Gladys Wade's blood was in Anthony Sowell's home.

19. That same day, Anthony Sowell was released back into the community, despite having more than sufficient evidence to hold Anthony Sowell and to charge him.

20. Defendant Hussein was responsible for Anthony Sowell's release.

21. Gladys Wade was outraged when she was notified by telephone that Anthony Sowell had been released.

22. Defendant Hussein failed to research Anthony Sowell's criminal history and/or sex offender status and/or completely ignored this information when presenting the facts to the prosecutor. Such material information should have been considered when reviewing the case and before making a decision to release Anthony Sowell.

23. On or about April 16, 2009, Anthony Sowell choked and raped Alexis R. Charles at his Imperial Avenue residence.

24. On or about April 22, 2009, Anthony Sowell assaulted Tanja D. Doss at his Imperial Avenue residence and threatened to kill her if she did not comply with his requests.

25. On or about September 22, 2009, Anthony Sowell kidnaped, raped, assaulted and tried to kill Plaintiff Latundra Billups at his Imperial Avenue residence.

26. On or about October 20, 2009, a naked woman fell from a window at Anthony Sowell's Imperial Avenue residence. Anthony Sowell told the police that he and the woman had been doing drugs all day and that she fell out of the window. It was only after this incident that the Cuyahoga County Sheriff's Department and/or City of Cleveland Division of Police decided to further investigate the activities at Anthony Sowell's Imperial Avenue residence.

27. On or about October 28, 2009, a warrant was obtained to search Anthony Sowell's Imperial Avenue residence, where law enforcement personnel subsequently discovered the bodies and/or remains of at least eleven (11) women, including Janice Webb, Telacia Fortson, Diane Turner, Nancy Cobb, Tishana Culver, Tonia Carmichael, Leshanda Long, Crystal Dozier, Amelda Hunter,

Michelle Mason, and Kim Smith. Investigators found decomposing bodies of female victims hidden in crawl spaces, buried under dirt floors, and buried in the backyard of the residence. When the search for bodies was terminated, the investigators determined that there were a total of eleven (11) women who had been murdered and concealed at this residence.

28. Anthony Sowell, who was a convicted sexual offender, was arrested on October 31, 2009 and indicted on eighty-five (85) counts of aggravated murder, attempted murder, kidnaping, rape, attempted rape, aggravated robbery, felonious assault, abuse of corpses, and tampering with evidence.

29. On June 3, 2011 the jury trial of Anthony Sowell began.

30. On June 22, 2011 the jury found Anthony Sowell guilty of: the aggravated murder of Tonia Carmichael, Nancy Cobbs, Tishana Culver, Crystal Dozier, Telacia Fortson, Leshanda Long, Amelda Hunter, Michelle Mason, Kim Yvette Smith, Janice Webb and Diane Turner; the attempted murder of Latundra Billups, Gladys Wade and Shawn Morris; the kidnaping of Tonia Carmichael, Nancy Cobbs, Tishana Culver, Crystal Dozier, Telacia Fortson, Amelda Hunter, Michelle Mason, Kim Yvette Smith, Janice Webb, Diane Turner, Latundra Billups, Shawn Morris, and Gladys Wade; the abuse of a corpse of Tonia Carmichael, Nancy Cobbs, Tishana Culver, Crystal Dozier, Telacia Fortson, Leshanda Long, Amelda Hunter, Michelle Mason, Kim Yvette Smith, Janice Webb and Diane Turner; the rape of Latundra Billups and Shawn Morris; the attempted rape of Gladys Wade; the felonious assault of Latundra Billups, Shawn Morris and Gladys Wade; and eleven separate counts of tampering with evidence.

31. On August 30, 2011, the Honorable Judge Dick Ambrose, sentenced Anthony Sowell to death.

32. The City of Cleveland's Straight Release policy and practice, which is often carried out by its Division of Police, including, but not limited to Defendant Hussein, has been repeatedly criticized over the years. The City of Cleveland has been put on notice that this practice and policy has the potential to needlessly endanger the community. As early as 2000, Cuyahoga County Court of Common Pleas Judge Timothy McGinty, in a article published in the Cleveland State Law Review, called for an end to the Straight Release practice and urged the implementation of various reforms aimed at protecting the rights of the accused as well as the safety of the community. *See* Timothy J. McGinty, "Straight Release": Justice Delayed, Justice Denied, 48 Cleve. St. L. Rev. 235 (2000) (citing case after case where the Straight Release practice resulted in further victimization).

33. Had the City of Cleveland and its employees, including Defendant Hussein, not acted recklessly by releasing Anthony Sowell back into the community, or by failing to see that he was on bond with conditions to be monitored, Plaintiff Latundra Billups would not have been one of Anthony Sowell's victims and Plaintiff Gladys Wade would not have suffered extreme psychological agony, arising from the awareness that Anthony Sowell was at large she was in danger.

34. In enacting the State of Ohio's sexual offender and related statutes, the General Assembly recognized: "Sex offenders . . . pose a risk of engaging in further sexually abusive behavior even after being released from imprisonment, a prison term, or other confinement or detention, and protection of members of the public from sex offenders . . . is a paramount governmental interest." O.R.C. § 2950.02(A)(2).

35. Defendant Georgia Hussein, was negligent and/or reckless and/or wanton in the way she investigated allegations and incidents involving sexual offenders, such as Anthony Sowell and including her investigation of Anthony Sowell.

6

36. At all times herein relevant Defendant Georgia Hussein acted in a wanton and/or reckless manner and as a direct and proximate result Plaintiffs Latundra Billups and Gladys Wade suffered injuries and damages.

37. Defendant Hussein was negligent and/or reckless and/or wanton in the way she investigated crime and in the way she communicated information about the status of sexual offenders and other suspects, including, but not limited to, Anthony Sowell, to the necessary law enforcement and legal personnel, as well as to the prosecutor.

38. Defendant Hussein was negligent and/or reckless and/or wanton in the way she used equipment, supplies, materials, personnel, facilities, and other resources.

39. The actions of Defendant Hussein, which led to the release Anthony Sowell on December 10, 2008, were negligent and/or reckless and/or wanton and constituted a deliberate indifference to the safety of the community, including Plaintiffs Latundra Billups and Gladys Wade, and such conduct cannot be tolerated in a civilized society.

40. At all times herein relevant Defendant Hussein was reckless, in that her conduct was characterized by a conscious disregard or indifference to a known or obvious risk of harm to another that was unreasonable under the circumstances.

41. At all times herein relevant Defendant Hussein was conscious that her conduct would, in all probability, result in injury, and her conduct did result in injury.

42. Defendant Hussein perversely disregarded a known risk.

43. Defendant Hussein failed to properly investigate allegations made against a known offender, a convicted felon and registered sex offender. Her actions were reckless.

44. These actions and failures by Defendant Hussein permitted Anthony Sowell to

7

continue to sexually prey on women, to kill multiple woman and to rape and try to kill Plaintiff Latundra Billups and to assault and try to kill Plaintiff Gladys Wade.

45. Defendant Hussein demonstrated a conscious disregard for the rights and safety of others, specifically including, but not limited to, Plaintiff Latundra Billups and Plaintiff Gladys Wade, that had a great probability of causing substantial harm and substantial harm did occur including substantial harm to Plaintiff Latundra Billups and Plaintiff Gladys Wade.

46. The actions and inactions of Defendant Hussein were recklessness and/or wanton.

47. Defendant Hussein owed the public, and specifically Plaintiff Latundra Billups and Plaintiff Gladys Wade a duty.

48. Defendant Hussein breached that duty and as a direct and proximate result of her breaching that duty Plaintiff Gladys Wade and Plaintiff Latundra Billups suffered physical and mental pain and suffering, injuries, damages and they incurred medical bills.

49. As a direct and proximate result of Defendant Hussein's recklessness and/or acting in a wanton manner, Plaintiff Latundra Billups suffer serious and permanent physical and psychological injuries when she was kidnaped, assaulted and raped by Anthony Sowell and when he tried to kill her.

50. As a direct and proximate result of Defendant Hussein's recklessness and/or acting in a wanton manner, Plaintiff Gladys Wade suffered permanent physical and mental injuries, extreme pain and suffering, and extreme psychological agony.

51. Such conduct by Defendant Hussein cannot be tolerated in a civilized society.

52. Defendant Hussein displayed a conscious disregard for a known risk, and she failed to exercise any care for the safety of Plaintiff Latundra Billups and Plaintiff Gladys Wade and

Electronically Filed 09/12/2018 15:49 / / CV 18 903634 / Confirmation Nbr. 1492351 / CLSLP

members of the community, to whom Defendant Hussein owed a duty of care, and there was a great probability of harm that the exercise of care might have averted.

53. Defendant Hussein failed to exercise any care toward those to whom she owed a duty of care in circumstances in which there was a great probability that harm would result and harm did result.

54. The decision to release Anthony Sowell was done negligently and/or in a reckless and/or wanton manner.

55. The decision to not monitor Anthony Sowell and his activities, as required by the State of Ohio's sexual offender and related statutes, was done in a reckless and/or wanton manner.

56. The decision to not create adequate and/or appropriate procedures and/or protocols relative to the enforcement of the State of Ohio's sexual offender and related statutes was exercised in a reckless and/or wanton manner.

57. The decision to ignore any procedures and/or protocols that had been created relative to the enforcement of the State of Ohio's sexual offender and related statutes was exercised with in a reckless and/or wanton manner.

58. Plaintiffs Latundra Billups and Gladys Wade were injured as a direct and proximate result of the negligence and/or recklessness and/or wantonness of Defendant Hussein.

59. Plaintiffs Latundra Billups and Gladys Wade reasonably relied, to their detriment, on the City of Cleveland, individually, and/or by and through their agents and/or employees and/or officers and/or directors, including Defendant Hussein and on Defendant Hussein.

60. Defendant Hussein owed a duty to Plaintiffs Latundra Billups and Gladys Wade and the members of the community.

9

61. At all times herein relevant, Defendant Hussein breached that duty.

62. As a direct and proximate result of Defendant Hussein breaching her duty, which she owed to Plaintiff Latundra Billups and Plaintiff Gladys Wade, they suffered severe injuries and/or extreme psychological agony, and extreme pain and suffering, after Anthony Sowell had been in the custody of the City of Cleveland Police Department, and should have remained in custody but for the willful, wanton, and reckless actions of Defendant Hussein.

63. As a direct and proximate result of the negligence and/or recklessness and/or wantonness of Defendant Hussein, Plaintiffs Latundra Billups and Gladys Wade needed medical care and treatment.

64. As a direct and proximate result of the negligence and/or recklessness and/or wantonness of Defendant Hussein, Plaintiff Latundra Billups and Gladys Wade incurred medical and hospital expenses.

65. As a direct and proximate cause of Defendant Hussein's actions and failures, Defendant Hussein recklessly inflicted extreme emotional distress upon Plaintiff Latundra Billups and Plaintiff Gladys Wade, a tort recognized under Ohio Law.

66. The actions of Defendant Hussein demonstrates actual malice.

67. The actions of Defendant Hussein demonstrated a conscious disregard for the rights and safety of other persons such that there was a great probability of causing substantial harm and substantial harm did occur.

68. Defendant Hussein knew and/or should have known that her actions and inactions, which directly led to the release of Anthony Sowell, would result in serious emotional distress to Plaintiff Latundra Billups and Plaintiff Gladys Wade.

69. Defendant Hussein's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community.

70. Defendant Hussein's conduct was extreme and outrageous.

71. Defendant Hussein's actions were the proximate cause of Plaintiff Latundra Billups and Plaintiff Gladys Wade's psychic injury.

72. The mental anguish suffered by Plaintiff Latundra Billups and Plaintiff Gladys Wade is serious and of a nature that no reasonable person could be expected to endure it.

73. Plaintiff Gladys Wade was in fear of physical consequences to her own person after Defendant Hussein's reckless actions led to the release of Anthony Sowell.

74. Defendant Hussein knew and/or should have known that her actions and inactions, which directly led to the release of Anthony Sowell, would cause Plaintiff Latundra Billups and Plaintiff Gladys Wade severe and serious emotional distress, which is more severe than any reasonable person may be expected to endure.

75. Defendant Hussein knew and/or should have known that her actions and inactions, which directly led to the release of Anthony Sowell, exhibited a reckless disregard for the safety and well-being of Plaintiff Latundra Billups and Plaintiff Gladys Wade.

76. As a direct and proximate result of Defendant Hussein's reckless actions and inactions, Plaintiff Latundra Billups and Plaintiff Gladys Wade have suffered severe emotional and mental distress, which no reasonable person may be expected to endure and will continue to suffer such losses and harm and damages in the future.

77. As a direct and proximate result of Defendant Hussein's reckless and/or malicious

11

actions and inactions, Plaintiff Latundra Billups and Plaintiff Gladys Wade have incurred medical expenses for treatment.

78. As a direct and proximate result of Defendant Hussein's reckless and/or malicious actions and inactions, Plaintiff Latundra Billups and Plaintiff Gladys Wade have suffered injuries and damages.

**WHEREFORE**, Plaintiff Latundra Billups and Plaintiff Gladys Wade demand judgment against Defendant Georgia Hussein as follows:

For a judgment, in favor of Plaintiff Latundra Billups, and against Defendant Georgia Hussein, in an amount, in excess of Twenty-Five Thousand Dollars ($25,000.00), which will fully, fairly, and justly compensate Plaintiff Latundra Billups for her injuries, damages, and costs; and

For a judgment, in favor of Plaintiff Gladys Wade, and against Defendant Georgia Hussein, in an amount, in excess of Twenty-Five Thousand Dollars ($25,000.00), which will fully, fairly, and justly compensate Plaintiff Gladys Wade for her injuries, damages, and costs; and

Both prejudgment and post judgment interest; and

The costs of the within action; and

Attorney fees pursuant to statute and otherwise; and

Punitive damages; and

Any other further relief to which this Court determines that Plaintiff Latundra Billups and/or Plaintiff Gladys Wade are entitled, at law or in equity.

## JURY DEMAND

Pursuant to Rule 38(B) of the Ohio Rules of Civil Procedure, Plaintiffs hereby demand trial by the maximum number of jurors allowed by law.

Respectfully submitted,
THE DICKSON FIRM, L.L.C.

By: /s/ Blake A. Dickson
Blake A. Dickson (0059329)
Danielle M. Chaffin (0093730)
Tristan R. Serri (0096935)
Enterprise Place, Suite 420
3401 Enterprise Parkway
Beachwood, Ohio 44122
Telephone  (216) 595-6500
Facsimile  (216) 595-6501
E-Mail  BlakeDickson@TheDicksonFirm.com
E-Mail  DChaffin@TheDicksonFirm.com
E-Mail  TristanSerri@TheDicksonFirm.com

Attorneys for Plaintiffs Latundra Billups and Gladys Wade.