IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Latundra Billups, et al., | ) | Case No. 1:18-CV-02189 |
| | ) | |
| Plaintiffs, | ) | Judge Solomon Oliver, Jr. |
| | ) | |
| v. | ) | Plaintiffs Gladys Wade and Latundra |
| | ) | Billups' Motion to Remand. |
| Georgia Hussein | ) | |
| | ) | |
| Defendant. | ) | |

Now come Plaintiffs Gladys Wade and Latundra Billups, by and through their attorney, Blake A. Dickson of The Dickson Firm, L.L.C., and respectfully request that this Honorable Court remand the within case back to the Cuyahoga County Court of Common Pleas.

Defendant Hussein's Notice of Removal is not timely.

Defendant Hussein has offered this Court no evidence to satisfy the amount in controversy limit required for diversity jurisdiction.

A Memorandum in support of this Motion follows.

                              Respectfully submitted,
                              THE DICKSON FIRM, L.L.C.


By:     /s/ Blake A. Dickson
        Blake A. Dickson (0059329)
        Enterprise Place, Suite 420
        3401 Enterprise Parkway
        Beachwood, Ohio 44122
        Telephone   (216) 595-6500
        Facsimile    (216) 595-6501
        E-Mail  BlakeDickson@TheDicksonFirm.com

        Attorney for Plaintiffs Latundra Billups and Gladys Wade.

**MEMORANDUM**

**I.     INTRODUCTION.**

For nearly eight (8) years, the parties in this suit have engaged in extensive litigation in the Cuyahoga County Court of Common Pleas. Defendant Georgia Hussein has now removed this case from the Cuyahoga County Court of Common Pleas to this Court arguing that this Court has jurisdiction because of diversity of citizenship.

Diversity jurisdiction was established to "protect[] a nonresident defendant against any local bias that might be encountered in the state court because of the defendant being a 'foreigner.' " Jack H. Friedenthal, Mary Kay Kane & Arthur R. Miller, *Civil Procedure*, 59 (4th ed. 2005). Defendant Hussein was a long-time resident of Cuyahoga County and a police officer for the City of Cleveland Police Department. She has now retired to the State of California. But she is not, in any way, a foreigner. She does not need to be protected from the "local bias" of the State Court that has handled this case for nearly eight (8) years. In her Notice of Removal, Defendant Hussein does not even allege that the State Court is, in any way, biased against her.

As fully outlined below, Defendant Hussein did not file her Notice of Removal in a timely fashion.

In addition she offers no evidence to meet her burden to establish the required amount in controversy.

This case should be remanded back to the Cuyahoga County Court of Common Pleas, where it has been litigated for nearly eight (8) years.

**II.     CASE HISTORY.**

On December 8, 2008, Plaintiff Gladys Wade ran to a police car in the City of Cleveland and

2

told the police officers that Anthony Sowell had abducted her off the street and dragged her into his house where he punched her and choked her, tried to rip her clothes off her body, threw her down a flight of stairs and tried to kill her. Anthony Sowell was subsequently arrested and taken into custody.

On December 9, 2008, Defendant Hussein met with Gladys Wade, who provided a witness statement in support of her complaints against Anthony Sowell. Defendant Hussein failed to follow up on many different leads, subsequently failing to properly investigate this vicious incident.

On December 10, 2008, Defendant Hussein met with Anthony Sowell and obtained a statement from him. After meeting with Anthony Sowell, and just one (1) day after she had started her investigation of the December 8, 2008 incident, Defendant Georgia Hussein met with Lorraine Coyne, an assistant city prosecutor, to review Gladys Wade's complaint against Anthony Sowell.

During that meeting, Defendant Hussein did not tell Lorraine Coyne about Anthony Sowell's status as a convicted felon. She failed to inform Lorraine Coyne about Anthony Sowell's status as a registered sex offender. Defendant Hussein also did not tell Lorraine Coyne that she had not viewed or conducted any investigation of the crime scene. The only evidence that Defendant Hussein presented to Lorraine Coyne was Plaintiff Gladys Wade's statement, Anthony Sowell's statement, and the Cleveland Police Department Offense/Incident Report. Finally, Defendant Hussein told Lorraine Coyne that she had concerns about inconsistencies regarding Plaintiff Gladys Wade's statement.

Defendant Georgia Hussein prepared and presented only an affidavit for the charge of robbery to Lorraine Coyne, based upon the limited evidence that Defendant Georgia Hussein had obtained and her conclusions about that evidence. With that scarce amount of evidence, Lorraine

Coyne determined that papers could not be issued against Anthony Sowell because there was insufficient evidence and Gladys Wade was not credible.

On December 10, 2008, two (2) days after the incident, Defendant Hussein submitted a Final Disposition Receipt, which directed the City of Cleveland Division of Police to release Anthony Sowell from custody.

On or about September 22, 2009, Anthony Sowell assaulted, raped and tried to kill Plaintiff Latundra Billups at his Imperial Avenue residence.

On or about October 28, 2009, after a woman was seen falling from a window of Anthony Sowell's house, a warrant was obtained to search Anthony Sowell's Imperial Avenue residence, where law enforcement personnel subsequently discovered the bodies and/or remains of at least eleven (11) women.

Anthony Sowell was arrested on October 31, 2009 and indicted on eighty-five (85) counts of aggravated murder, attempted murder, kidnaping, rape, attempted rape, aggravated robbery, felonious assault, abuse of corpses, and tampering with evidence.

On June 22, 2011, the jury found Anthony Sowell guilty of aggravated murder, attempted murder, abuse of a corpse, rape, attempted rape, felonious assault, and tampering with evidence.

Relative to Gladys Wade, Anthony Sowell was found guilty of attempted murder, kidnaping, attempted rape and felonious assault.

Relative to Latundra Billups, Anthony Sowell was found guilty of attempted murder, kidnaping, rape and felonious assault.

He was subsequently sentenced to death on August 30, 2011.

On **December 9, 2010**, almost eight (8) years ago, Plaintiff Gladys Wade filed a Complaint

that was later amended to include claims against eight (8) named defendants, including Defendant Georgia Hussein. Her complaint alleged, among other things, that Detective Georgia Hussein was grossly negligent, willful, wanton, and reckless, which lead to the release of Anthony Sowell, and that, as a direct and proximate result, Plaintiff sustained permanent mental injuries and psychological agony.

On **September 14, 2011**, Plaintiff Latundra Billups filed a Complaint against eight (8) named Defendants, including Defendant Georgia Hussein. Her complaint alleged that Detective Georgia Hussein was negligent and/or reckless and/or wanton in the way she investigated allegations and incidents involving Anthony Sowell, and that, as a direct and proximate result of Defendants' actions, Plaintiff Latundra Billups suffered serious and permanent physical and psychological injuries when she was kidnaped, assaulted, raped, and almost killed by Anthony Sowell.

On November 29, 2011, these cases were consolidated into the case of *Joann Moore, et al. v. City of Cleveland, et al.*, Case No. 743088.

Throughout the next six (6) years, extensive discovery was conducted, experts were retained, and depositions were taken.

On December 8, 2014, Defendant Hussein, along with prior named Defendants, filed a Motion for Summary Judgment asserting immunity under O.R.C. §2744.03(A)(6). Defendant Hussein alleged that she was immune from any liability pursuant to O.R.C. §2744.03(A)(6). Defendant Hussein, along with the prior named Defendants, were granted summary judgment by the trial court.

The Plaintiffs appealed this decision.

On March 30, 2017, the Eighth District Court of Appeals "Affirmed in Part; Reversed in Part

3

and Remanded" the case back to the Cuyahoga County Court of Common Pleas. The Eighth District Court of Appeals affirmed Summary Judgment for seven (7) of the eight (8) Defendants. The Eighth District Court of Appeals reversed the Trial Court's granting of Summary Judgment relative to Defendant Georgia Hussein and found that if she was found to be reckless that would be an exception to immunity under O.R.C. §2744.03(A)(6). The Court further found that a jury could find that Defendant Hussein was reckless in this case.

The case was returned to the trial Court with Defendant Georgia Hussein as the only remaining Defendant. The parties then engaged in months of litigation, and additional discovery. Multiple depositions were conducted. The parties met with the Court multiple times for scheduling conferences and for settlement conferences. The parties and their counsel attended two (2), day long, private mediations. Multiple Plaintiffs settled their claims with Defendant Hussein. Plaintiffs Gladys Wade and Latundra Billups did not settle their claims. They were prepared to proceed to trial. Unfortunately, scheduling conflicts involving a key witness forced Plaintiffs Gladys Wade and Latundra Billups to dismiss their claims, without prejudice, right before the jury trial of this case was to proceed in State Court. Plaintiffs refiled their case promptly after they dismissed it on September 12, 2018.

During the time that Defendant Hussein was the sole Defendant, she was a resident of California and all Plaintiffs were residents of Ohio. Throughout those months, Defendant Georgia Hussein, by and through her counsel, attended two (2), day long mediations, engaged in settlement discussions, propounded written discovery requests, took multiple depositions, and participated in several pre-trials with the Court.

On September 24, 2018, Defendant filed a Notice of Removal. On that same date, the

present case was transferred to the United States District Court for the Northern District of Ohio.

In her Notice of Removal, Defendant Hussein claims that the within case is a controversy between citizens of different states, which gives rise to complete diversity of citizenship pursuant to 28 U.S.C. §1332. Defendant claims that both Plaintiff Latundra Billups and Plaintiff Gladys Wade are citizens of Ohio and that she has been a citizen of California since 2015. Defendant also claims that Latundra Billups and Gladys Wade each demanded a monetary sum "in excess of" $25,000, for "an aggregate sum in excess of" $50,000." She also asserts that this Court should find that the amount in controversy exceeds $75,000.00. However, Defendant Hussein offers no evidence at all of the amount in controversy.

Pursuant to 28 U.S.C. §1447(c), Plaintiffs Gladys Wade and Latundra Billups hereby respectfully request that this Honorable Court remand this case back to the Cuyahoga County Court of Common Pleas for lack of subject matter jurisdiction pursuant to 28 U.S.C. §1447(c) and to preserve judicial economy, as this case has been extensively litigated in State Court for nearly eight (8) years.

## II. LAW AND ARGUMENT.

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed **against removal jurisdiction**." *Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999) (emphasis added). **Any doubts about removability are resolved in favor of remanding the case to state court**. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). *See also Eastman v. Marine Corporation*, 483 F.3rd 544 (6th Cir. 2006).

     A.     **Defendant Hussein's Notice of Removal was not filed timely.**

28 U.S.C. §1446 (c) provides:

     (1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

On **December 9, 2010**, Plaintiff Gladys Wade filed her original complaint. Therefore, after December 9, 2011, her case was no longer removable.

On **September 14, 2011**, Plaintiff Latundra Billups filed her original complaint. Therefore, after September 14, 2012, her case was no longer removable.

The House of Representatives has clarified the reason behind prohibiting the removal of an action based on diversity of citizenship more than one year after a case's commencement. House Report 112-10 states that the 1998 amendment of 28 U.S.C. §1446 was "intended to encourage prompt determination of the issues of removal in diversity proceedings, and it **sought to avoid the disruption of state court proceedings** that might occur when changes in the case made it subject to removal. H.R. Rep No. 112-10, at 4 (2011) (emphasis added). Essentially, 28 U.S.C. §1446 Section (c) was enacted to prevent a defendant from removing a case based on diversity of citizenship once a great deal of litigation had been completed.

> "Even when an amended pleading makes a case newly removable based upon diversity jurisdiction, the defendant may not remove the case 'more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.'" *WBCMT 2007-C33 Office 7870, LLC v. Breakwater Equity Partners LLC*, No. 1:14-CV-588, 2014 U.S. Dist. LEXIS 164368, 2014 WL 6673712, at *16 (S.D. Ohio Nov. 24, 2014) citing 28 U.S.C. § 1446(c).

6

In *Breakwater*, "Plaintiff filed the original complaint in the state trial court on June 7, 2013. Breakwater did not file its notice of removal until July 17, 2014, which is more than one month after the one-year deadline. Thus, absent a showing of bad faith, the case may not be removed." *Id.* The Ohio Southern District Court determined there was not a showing of bad faith and "Accordingly, the one-year time bar [was] applicable and Breakwater [was] precluded from removing the case to this Court pursuant to 28 U.S.C. § 1446(c)(1)." *Id.* at *17.

Even if 28 U.S.C. §1446(c) did not prohibit removal more than a year after the case was originally filed, Defendant Hussein's Notice of Removal is still not timely. 28 U.S.C. §1446 (a)(3) states:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

By March of 2017, there was complete diversity among the parties because Georgia Hussein was the only remaining Defendant. That was the date that the Court of Appeals issued its Decision overturning the Trial Court's Decision, granting Defendant Hussein's Motion for Summary Judgment.

Even if 28 U.S.C. §1446(c) did not prohibit removal at that late date, 28 U.S.C. §1446(a)(3) required Defendant Hussein to file a Notice of Removal within thirty (30) days of the Court of Appeals decision:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one

7

which is or has become removable.

Defendant Hussein did not file a Notice of Removal within thirty (30) days of the Court of Appeals reversing the decision of the Trial Court granting Summary Judgment in Defendant Hussein's favor. On March 30, 2017, the Eight District Court of Appeals reversed the decision of the Trial Court. At that time, there was complete diversity of Citizenship. Defendant Hussein was the only named Defendant. All of the Plaintiffs were residents of Ohio. The case pended from March 30, 2017 until September 8, 2018 when the Plaintiffs dismissed their case with prejudice. The Case pended for seventeen (17) months with complete diversity of citizenship. Defendant Hussein was required to file her Motion to Remand within thirty (30) days of the Court of Appeals decision creating complete diversity of citizenship. She did not.

Even though Plaintiffs dismiss their case and immediately refiled it, the same principle of judicial economy should apply to require the remand of this case. This initial case was in litigation for nearly eight (8) years. Extensive discovery was conducted, experts were retained, depositions were taken, dispositive motions were filed, and the case was appealed and remanded.

For seventeen (17) months Defendant Hussein was the only Defendant. Her counsel engaged in two, full day, private mediations. Her counsel engaged in two settlement conferences with the Court. She propounded additional discovery to Plaintiffs. Her counsel participated in several pre-trials on her behalf. This case has been litigated nearly to completion in State Court. 28 U.S.C. §1446 Section (c) was enacted to prevent a defendant from removing a case precisely like the one at hand based on diversity, more than one year after the action began in order to avoid disrupting court proceedings. In this case, Defendant Hussein is attempting to remove this case nearly eight (8) years after it was initially filed.

The Honorable Judge Nancy A. Fuerst and the Cuyahoga County Court of Common Pleas has been involved with this case for nearly eight (8) years. This is not a new case. There are no new allegations. This is a case that has been in suit for nearly eight (8) years in the Cuyahoga County Court of Common Pleas. As the House Report 112-10 clearly intended, a case such as this should be remanded pursuant to 28 U.S.C. §1446 **"to avoid the disruption of state court proceedings."** Remanding this case would preserve the judicial economy that Congress intended with the enactment of 28 U.S.C. §1446 Section (c).

Plaintiffs respectfully request that this Honorable Court remand this case back to the Cuyahoga County Court of Common Pleas.

**B.     Defendant Hussein did not provide any evidence to satisfy her burden of proving the amount in controversy which is required for diversity jurisdiction.**

The district courts of the United States have jurisdiction when there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

28 U.S.C. §1332(a) provides:

(a)  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-

(1) citizens of different States;

* * *

"Generally, because the plaintiff is the 'master of the claim,' a claim for specifically less than the jurisdictional amount precludes removal." *Richmond v. Populous Group*, LLC, N.D.Ohio No. 4:05 CV 01900, 2005 WL 2338824, *1. Where a plaintiff has not specifically claimed $75,000.00 or more, the defendant who removes the case must **prove** by a preponderance of the evidence that

9

the amount in controversy actually exceeds the jurisdictional amount of $75,000.00. *Sylvester v. Daimler Chrysler Corp.*, N.D. Ohio No. 1:02CV0567, 2002 WL 32005242, *1. Here, because each individual Plaintiff has claimed damages "in excess of" $25,000.00, less than the required jurisdictional amount of $75,000.00, Defendant must prove, by a preponderance of the evidence, that the amount in controversy in this case actually exceeds $75,000.00 for each Plaintiff.

Defendant fails to meet her burden. As her sole "argument" that the amount in controversy is met, Defendant simply quotes Plaintiffs' initial pleading and states that Plaintiffs are entitled to punitive damages. She offers no interpretation whatsoever as to why the claims asserted in Plaintiffs' initial pleading demonstrate that the amount in controversy actually exceeds the jurisdictional limit of $75,000.00. Re-hashing Plaintiffs' prayer for relief, without more, certainly does not prove by a preponderance of the evidence that the amount in controversy requirement is met.

Defendant attempts to meet the $75,000.00 amount in controversy requirement by aggregating Latundra Billups' and Gladys Wade's damages claims. Defendant's Notice of Removal specifically states that Plaintiffs seek "**an aggregate sum** in excess of" $50,000," and then uses her Notice to conclude that "**Plaintiffs** seek a sum greater than $75,000." (Emphasis added).

The Sixth Circuit has repeatedly held that "multiple plaintiffs cannot combine their damages claims to meet the amount in controversy requirement save when they share a common and undivided interest in them." *Hartford Fire Ins. Co. v. Flagstaff Industries*, Corp., N.D.Ohio No. 1: 11 CV 1137, 2011 WL 4436583, *10, quoting *McPhillips v. Travelers Property Cas. Ins. Co.*, N.D.Ohio No. 1:07 CV 1618, 2007 WL 2407071, *1 (recognizing that the Sixth Circuit is well-settled on the fact that the interest must be both common and undivided to aggregate plaintiffs'

10

damage claims to meet the amount in controversy requirement). Aggregation is only permitted "where there is not only a common fund from which the plaintiffs seek relief, but where the plaintiffs also have a joint interest in that fund, such that if plaintiff's rights are not affected by the rights of co-plaintiffs, then there can be no aggregation. In other words, the obligation to the plaintiffs must be a joint one." *Hartford Fire Ins. Co. v. Flagstaff Industries*, Corp., N.D. Ohio No. 1: 11 CV 1137, 2011 WL 4436583, *11, quoting *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 824 (6th Cir.2006). There is no common fund in this case. The two Plaintiffs in this case each have independent and separate claims.

Plaintiff Latundra Billups and Plaintiff Gladys Wade do not share a common and undivided monetary interest in this case, as is required to aggregate multiple plaintiffs' claims in order to satisfy the amount in controversy requirement. Plaintiffs do not have a joint interest in their recovery, as neither Plaintiff's rights are affected by the other's. Plaintiffs' interests in this case are clearly independent. Each Plaintiff suffered separate harm that was proximately caused by Defendant Hussein's recklessness. The obligation that Defendant owes to each Plaintiff is **not** joint, as each Plaintiff's right to recover is undoubtedly autonomous.

The independent nature of their interests is even more evident by the fact that Plaintiffs' individually brought suit against Georgia Hussein nearly a eight (8) years ago when this litigation first began, and they only consolidated their cases upon Motion by prior Defendants.

Plaintiff Gladys Wade has a claim for intentional infliction of emotional distress while Plaintiff Latundra Billups has a claim for personal injury. Plaintiff Gladys Wade was the first person out of all of the victims of Anthony Sowell who have ever been involved in this case to report Anthony Sowell to the police. Defendant Hussein became involved in the case after Gladys Wade

reported Anthony Sowell for attacking her. Defendant Hussein is not responsible for Plaintiff Gladys Wade getting attacked by Anthony Sowell. Defendant Hussein is liable to Plaintiff Gladys Wade for her reckless conduct which left Anthony Sowell out of jail from the time he was released on December 10, 2008 until October 31, 2009 when he was finally arrested again. Gladys Wade suffered extreme emotional distress as the result of the fact that a man who tried to rape and murder her was improperly released.

Throughout two (2), day long, private mediations and two (2) settlement conferences with the Trial Court, Defendant Hussein's counsel have consistently maintained that Plaintiff Gladys Wade's claims have negligible value. They have not offered this Court any evidence to prove that her claim now has a value in excess of $75,000.00.

Likewise, Defendant Hussein has not offered the Court any evidence that Latundra Billups' claim has a value in excess of $75,000.00.

Defendant Hussein has maintained throughout this case that she is not liable for punitive damages as she is the employee of a political subdivision. Defendant Hussein does not offer this Court any evidence that supports the notion that Defendant Hussein is liable for punitive damages and that the compensatory damages and the punitive damages relative to each Plaintiff are in excess of $75,000.00.

In *Richmond*, one defendant removed the case based on diversity of citizenship. *Richmond* at \*1. The plaintiff, whose complaint specifically requested damages "in an amount in excess of Twenty Five Thousand ($25,000) Dollars," filed a Motion to Remand, alleging that the amount in controversy was below the jurisdictional amount. *Id.* In the defendant's Notice of Removal, the defendant contended that "[d]iversity and the amount in controversy were clear from the pleadings

at the time of removal," and posited the potential damages that the plaintiff could recover. *Id.* at *2. The defendant also argued that the punitive damages the plaintiff could receive put the amount in controversy over $75,000.00 *Id.* The court rejected the defendant's attempt to argue that the jurisdictional amount was met, and held that "Reliance on speculation and conjecture is contrary to the Sixth Circuit's requirement that the subject matter jurisdiction of this Court should be determined by a preponderance of the evidence. Consequently, the Court finds that the Defendants have failed to produce sufficient evidence that the amount in controversy exceeds seventy-five thousand dollars ($75,000)." *Id.*

> In specifically addressing the defendant's punitive damages argument, the court stated:
>
>> Plaintiff's request for punitive damages similarly fails to support a determination that the requested damages exceed the jurisdictional amount. 'Absent a specification in the complaint as to the amount of punitive damages sought, the defendant seeking to remove a case must prove facts sufficient to support federal jurisdiction. . . . A conclusion to the contrary would extend federal jurisdiction to every case in which a plaintiff seeks punitive damages from a diverse defendant and undermine the fundamental nature of the federal courts as courts of limited jurisdiction.'

*Richmond* at *2, quoting *Bower v. American Casualty Company of Reading*, 2001 U.S.App. LEXIS 18053, *1.

Like the defendant in *Richmond*, Defendant Hussein essentially argues that the amount in controversy is clear from Plaintiffs' Complaint, and provides no additional support for this claim other than stating that Plaintiffs are entitled to punitive damages. Just like the defendant in *Richmond*, Defendant's Notice of Removal alleges potential punitive damages and merely quotes Plaintiffs' Complaint in a misguided endeavor to demonstrate that the amount in controversy has been established. Like in *Richmond*, Defendant Hussein has failed to establish, by a preponderance

13

of the evidence, that Plaintiffs' individual claims each exceed $75,000.

Defendant has failed to meet the requirements for removal based on diversity of citizenship. As a result, Plaintiffs respectfully request that this Honorable Court remand this case back to State Court where it has been litigated for almost eight (8) years.

### III. CONCLUSION.

For the foregoing reasons, Plaintiffs respectfully urge this Court to remand the within case back to the State Court.

                                            Respectfully submitted,
                                            THE DICKSON FIRM, L.L.C.

                    By:      /s/ Blake A. Dickson
                              Blake A. Dickson (0059329)
                              Enterprise Place, Suite 420
                              3401 Enterprise Parkway
                              Beachwood, Ohio 44122
                              Telephone   (216) 595-6500
                              Facsimile    (216) 595-6501
                              E-Mail  BlakeDickson@TheDicksonFirm.com

                              Attorney for Plaintiffs Latundra Billups and Gladys Wade

### CERTIFICATE OF SERVICE

      I hereby certify that the foregoing, Plaintiffs Gladys Wade and Latundra Billups' Motion to Remand, was filed this **24th day of October, 2018,** and served via the Court's electronic filing system to the following:

Gary S. Singletary, Esq.
Elena N. Boop, Esq.
Luke D. Mahoney, Esq.
Marian Kousaie Toney, Esq.
City of Cleveland - Law Department
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114

Attorneys for Defendant Georgia Hussein.


      By:    /s/ Blake A. Dickson
               Blake A. Dickson (0059329)

               Attorney for Plaintiffs Latundra Billups and Gladys Wade.