## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| LATUNDRA BILLUPS, *et al.*, | ) | CASE NO. 1:18-CV-02189 |
| | ) | |
| Plaintiffs, | ) | JUDGE SOLOMON OLIVER |
| | ) | |
| v. | ) | |
| | ) | |
| GEORGIA HUSSEIN, | ) | |
| | ) | **Motion to Dismiss for Failure of** |
| Defendant. | ) | **Service of Process or, in the** |
| | ) | **Alternative, to Stay Discovery and** |
| | ) | **Proceedings** |

Defendant Georgia Hussein, by and through the undersigned counsel, hereby moves this Honorable Court to dismiss Plaintiffs' Complaint pursuant to Rule 4(m) of the Federal Rules of Civil Procedure because Plaintiffs failed to serve Defendant with a summons and complaint in the instant case within 90 days required by the rule. This case has been pending in front of this court for five months, and Defendant has yet to be properly served. In the absence of proper service, Defendant respectfully submits that this court does not have personal jurisdiction over her. In the alterative, should the court extend the time period within which to perfect service, Defendant respectfully moves this Honorable Court to stay discovery and postpone the court-scheduled case management conference until such time as she is properly served. A Brief in Support of this Motion is attached hereto and incorporated herein.

Respectfully submitted,

BARBARA A. LANGHENRY (0038838)

Director of Law

By:  /s/ Elena N. Boop

ELENA N. BOOP (0072907)

Chief Assistant Director of Law

ELIZABETH M. CROOK (0088709)

Assistant Director of Law

City of Cleveland, Department of Law

601 Lakeside Avenue, Room 106

Cleveland, Ohio 44114

Tel:  (216) 664-2800

Fax:  (216) 664-2663

E-mail: EBoop@city.cleveland.oh.us

    ECrook@city.cleveland.oh.us

*Attorneys for Defendant Georgia Hussein*

MEMORANDUM IN SUPPORT OF MOTION

**I. Statement of Facts.**

On September 12, 2018, Plaintiffs filed their Complaint in Cuyahoga County Court of Common Pleas.  See docket of Cuyahoga Cty. C. P., Case No. CV-18-903634, attached as Exhibit 4 to Defendant's Notice of Removal, ECF No. 1.  On September 24, 2018, Defendant, through counsel, removed this case to Federal Court.  See Notice of Removal, ECF No. 1.  The docket from the state court, attached as Exhibit 4 to Defendant's Notice of Removal, reflects no service on Defendant was accomplished in state court as of the date of its removal to federal court.  Id.  On November 1, 2018, Defendant filed her Answer, asserting as one of the affirmative defenses insufficiency of service of process and lack of personal jurisdiction.  ECF No. 10.

On October 24, 2018, Plaintiff filed a Motion to Remand this case back to State Court, which was denied on February 20, 2019.  See ECF No. 8 and 13.  A review of the federal court docket from the date this case was removed to federal court to the date of this filing does not reflect good service on Defendant Georgia Hussein, who is domiciled in California.  Further, on February 21, 2019, the court issued an order scheduling a CMC.  See ECF No. 14. Defendant submits that she will be severely prejudiced by having to participate in court hearings and discovery without this Honorable Court having personal jurisdiction over her.  For that reason, should the court grant Plaintiffs additional time to perfect service on Defendant, the undersigned

respectfully request that the Court stay all discovery and postpone the case management conference currently scheduled for March 20, 2019, until such time as Defendant is properly served with a summons and complaint.

**II.     Statement of Law and Argument.**

Rule 4 of the Federal Rules of Civil Procedure requires Plaintiffs to serve a summons with a copy of the complaint on Defendant.  Plaintiffs are responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.  The docket in the instant case does not reflect successful service of the summons or complaint on Defendant Georgia Hussein.  Without personal service on Defendant, the court is without jurisdiction to enter a judgment against her.  *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991).

If a defendant is not served within 90 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. F.R.C.P. 4(m).

In this case, the case was removed on September 24, 2019, five months ago.  ECF no. 1.  Plaintiffs have not perfected service within 90 days nor have they requested an extension of the 90-day period. Plaintiffs have been aware that Defendant contends

failure of service since the date her Answer was filed on November 1, 2018. See ECF No. 10.

Due process requires proper service in order to exercise *in-personam* jurisdiction. Before a court may exercise jurisdiction, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and this forum. *Omni Capital Int'l v. Rudolf Wolf Int'l, LTD*, 484 U.S. 97, 104 (1987); *Powell v. Medical Dpet. Cuyahoga Cty. Corr. Ctr*, No. 1:17-CV-1302, 2018 WL 3241243, *3, (N.D. Ohio, June 3, 2018), citing *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999) and *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991).

Rule 4(m) directs the courts to undertake a two-part analysis.  *Workman v. University of Akron*, No. 5:16-cv-156, 2017 WL 1113332, *1 (ND Ohio Mar. 24, 2017). First, the court must determine whether Plaintiffs showed good cause for failure to accomplish service. If Plaintiffs demonstrate good cause, then the court must extend the time for service for an appropriate period of time. If Plaintiffs have not shown good cause for failure to perfect service, the court must either dismiss the action without prejudice or direct that service be perfected within a specified period of time.  Id. citing *Warrior Imports Inc. v. 2 Crave*, 317 F.R.D. 66, 69 (N.D. Ohio, 2016).

Here, Defendant submits that Plaintiffs failed to perfect service within the 90 days specified in the rule.  In fact, they failed to perfect service for over five months since this case was removed to this court.  The burden is on Plaintiffs, at this point, to

establish that good cause exists for their failure to perfect service on Georgia Hussein within the specified period. Establishing good cause is the responsibility of the party opposing the motion to dismiss and "necessitates a demonstration of why service was not made within the time constraints." *Breezley v. Hamilton County*, 674 Fed.App. 502, 521 (6th Cir. 2017), citing *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994). A lack of prejudice, for example, does not automatically constitute good cause. *Grose v. Mansfield Correctional Inst.*, No. 1:06CV2720, 2007 WL 2781434 (N.D. Ohio Sept. 24, 2007).

Although the court has discretion to determine whether Plaintiffs should be afforded additional time to perfect service on Defendant, an extension is not automatic. If Plaintiffs fail to demonstrate good cause, the court has the discretion to dismiss this case.

In the absence of good cause, this court would be justified in dismissing this case, which has now been pending in this court for five months. See e.g. *Breezley v. Hamilton County*, 674 Fed.App. 502 (6th Cir. 2017) (district court properly dismissed a wrongful death action where the corrections officer was not properly served with the summons and complaint, and plaintiff failed to show good cause for failing to serve the defendant within the required time); *Nafziger v. McDermott Intern. Inc.*, 467 F.3d 514 (6th Cir. 2016) (plaintiffs' counsel's substantial problems with co-counsel and matters involving welfare of the counsel's children "hardly compel a finding of good cause").

In the alternative, Defendant submits that the court has no personal jurisdiction over her and, therefore, should not compel Defendant to submit to discovery, commit to discovery deadlines, or otherwise appear in this case until such time as service on her has been perfected.  To that extent, should the court be inclined to afford Plaintiffs additional time to perfect service, Defendant respectfully moves this court to stay discovery and postpone the case management conference until such time as Defendant is properly served.

Respectfully submitted,

BARBARA A. LANGHENRY (0038838)
Director of Law

By:     /s/ Elena N. Boop
ELENA N. BOOP (0072907)
Chief Assistant Director of Law
ELIZABETH M. CROOK (0088709)
Assistant Director of Law
City of Cleveland, Department of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114
Tel:    (216) 664-2800
Fax:    (216) 664-2663
E-mail: EBoop@city.cleveland.oh.us
           ECrook@city.cleveland.oh.us

*Attorneys for Defendant Georgia Hussein*

### CERTIFICATE OF SERVICE

A copy of this Motion was filed electronically on February 27, 2019. Notice of this

filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.


/s/ Elena N. Boop
Elena Boop (0072907)