IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Latundra Billups, et al., | ) | Case No. 1:18-CV-02189 |
| | ) | |
| Plaintiffs, | ) | Judge Solomon Oliver, Jr. |
| | ) | |
| v. | ) | Plaintiffs' Brief in Opposition to the Motion |
| | ) | to Dismiss, or in the Alternative, to Stay |
| Georgia Hussein | ) | Discovery and Proceedings filed by |
| | ) | Defendant Hussein. |
| Defendant. | ) | |

Now come Plaintiffs Gladys Wade and Latundra Billups, by and through their attorneys, Blake A. Dickson and Tristan R. Serri of The Dickson Firm, L.L.C., and for their Brief in Opposition to the Motion to Dismiss, or, in the Alternative, Motion to Stay Discovery and Proceedings filed by Defendant Georgia Hussein, state as follows:

Defendant Georgia Hussein has filed a Motion to Dismiss this case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 4(m) states:

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Plaintiffs respectfully request that this Honorable Court extend the time for service of Plaintiff's Complaint on Defendant Georgia Hussein until March 11, 2019. As the Court will see from Exhibit "A", and as explained below, Defendant Georgia Hussein was served with Plaintiff's Complaint on March 11, 2019.

This is a re-filed case. This case was re-filed on September 12, 2018, in the Cuyahoga County Court of Common Pleas.

On September 24, 2018, Defendant Hussein filed a Notice of Removal.

On October 24, 2018, Plaintiffs filed a Motion to Remand this case back to the Cuyahoga County Court of Common Pleas. On October 26, 2018 Defendant Hussein filed a Brief in Opposition to Plaintiffs' Motion to Remand. On November 2, 2018, Plaintiff filed a Reply Brief in Support of their Motion for Remand.

On February 20, 2019, this Court denied Plaintiff's Motion to Remand.

Since the time that Plaintiffs filed their original complaints, Defendant Hussein moved to California. Neither Defendant Hussein, nor her counsel, have provided her current address. When Plaintiffs refiled their case, they did not have Georgia Hussein's current address. She has moved since answering discovery in the original case. Plaintiff's counsel has now obtained Defendant Georgia Hussein's current address. As soon as this Court ruled on Plaintiff's Motion to Remand, Plaintiff's counsel began the process of having Defendant Georgia Hussein served. Had the case been remanded, Plaintiff's counsel would have served Defendant Hussein in State Court. Now that Plaintiff's Motion to Remand has been denied, Plaintiffs' counsel has served Defendant Hussein in this case. Plaintiff's counsel obtained an Original Summons for Defendant Hussein from this Court, and Plaintiffs' counsel sent a copy of the Summons and a copy of Plaintiffs' Complaint to Defendant Hussein, by certified mail, return receipt requested, at her new address in California. According to the United States Postal Service's website, on March 11, 2019, the certified mail, containing the Summons and Complaint was picked up at the postal facility. A copy of the USPS website tracking information is attached hereto as Exhibit "A." Under the Federal Rule of Civil Procedure 4(e)(1):

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district

of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

As such, Plaintiff may serve Defendant Hussein, pursuant to the Ohio Rules of Civil Procedure. Under the State of Ohio Civil Rules,

> (a) **Service by United States certified or express mail.** Evidenced by return receipt signed by any person, service of any process shall be by United States certified or express mail unless otherwise permitted by these rules. The clerk shall deliver a copy of the process and complaint or other document to be served to the United States Postal Service for mailing at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk as certified or express mail return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered.

Ohio Civil Rules of Procedure 4.1(A)(1)(a).

As shown by Exhibit "A", a copy of the Summons and Complaint have been delivered and served on Defendant Hussein.

As explained above, good cause exists to grant Plaintiffs this extension. Plaintiff's counsel needed to find Defendant Hussein's new address in California. And Plaintiff's counsel was waiting to see where this case would proceed, State Court or Federal Court, before perfecting service. As soon as this Court denied Plaintiffs' Motion to Remand, Plaintiff's counsel began the process of perfecting service. In no way has Defendant Hussein been prejudiced.

This Court has discretion under Rule 4(m) to allow Plaintiffs more time to properly serve Defendant Hussein. *Massey v. Hess*, No. 1:05-CV-249, 2006 U.S. Dist. LEXIS 57963, 2006 LEXIS 57963, at *13 (E.D. Tenn. Aug. 14, 2006). In *Massey*, the Court utilized its discretion and granted a brief extension to perfect service, holding that because there was "no evidence that Defendants

would be prejudiced by allowing proper service to be made other than the inherent prejudice in defending the law suit. Defendants have actual knowledge of the suit and have already obtained counsel and filed an answer to the complaint." *Id.* As stated above, and in *Massey*, Defendant Hussein has not been prejudiced. She has had knowledge of this action for the last eight (8) years. She has been represented by counsel for the last eight (8) years. Her counsel has filed Motions and Briefs on her behalf.

The Advisory Committee Notes for the 1993 amendments to Rule 4(m) require that the court grant additional time if good cause is shown, and authorize "the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." "The Notes instruct further that relief may be justified, for example, when a statute of limitations would bar a subsequent refiling of the action. (Fed. R. Civ. P. 4 Advisory Committee's Note)." *Ferritto v. Cuyahoga Cty*, 2018 U.S. Dist. LEXIS 62218, 2018 WL 1757410, * 5 (N.D. Ohio 2018). In this case the statute of limitations would bar a subsequent refiling.

Accordingly, Plaintiffs respectfully request that this Honorable Court grant Plaintiffs an extension of time until March 11, 2019, to perfect service.

Plaintiffs respectfully request that this Court not dismiss this case as Defendant Hussein has not been prejudiced. Defendant Hussein has been aware of this case since it was filed on September 12, 2018. Plaintiff's counsel sent Defendant Hussein's attorneys a courtesy copy of the Complaint on September 17, 2019. Defendant Hussein filed a Notice of Removal, with an affidavit signed by Defendant Hussein. Defendant Hussein filed a response to Plaintiffs' Motion to Remand. Defendant Hussein filed an Answer to Plaintiff's Complaint. Defendant Hussein, by and through her counsel, participated in the Planning Meeting that counsel conducted. Defendant Hussein has not suffered

any prejudice.

Plaintiffs also respectfully request that this Honorable Court not dismiss this case, as any dismissal of this case will be a dismissal with prejudice and Plaintiffs' counsel will not be able re-file this case.  Plaintiff Gladys Wade originally filed her Complaint on December 9, 2010. Plaintiff Latundra Billups originally filed her Complaint on September 14, 2011.  On November 29, 2011 these cases were consolidated into the case of *Joanne Moore, et al. v. City of Cleveland, et al.*, Case No. 743088.  On September 8, 2018, Plaintiffs dismissed their cases, pursuant to Ohio Civil Rule 41(A)(1)(a).  On September 12, 2018, Plaintiffs re-filed their case pursuant to O.R.C. § 2305.19. If this Court were to dismiss this case, Plaintiffs would not be able to re-file their cases as the statute of limitations has expired and Plaintiff has already refiled her case once.  As a result, Plaintiffs' claims would be time-barred.

Defendants have requested that this Court Stay discovery and postpone the Court's Scheduled Case Management Conference, that has previously been scheduled for March 20, 2019, until Plaintiffs have perfected service on Defendant Hussein.  Plaintiff has now perfected service on Defendant Georgia Hussein.  There is no need to postpone the Case Management Conference.

Courts favor determining cases on their merits, *Winston v. Bechtel Jacobs Co., LLC*, 2015 U.S. Dist. LEXIS 31584, 2015 WL 1192704 at 6 (E.D. Tenn. March 16, 2015).  Plaintiffs respectfully request that this Honorable Court deny Defendant Hussein's Motion to Dismiss and grant Plaintiffs an extension of time until March 11, 2019 to perfect service.

>	Respectfully submitted,
>	THE DICKSON FIRM, L.L.C.
>
> By:	/s/ Blake A. Dickson
>	Blake A. Dickson (0059329)
>	Tristan R. Serri (0096935)
>	Enterprise Place, Suite 420
>	3401 Enterprise Parkway
>	Beachwood, Ohio 44122
>	Telephone	(216) 595-6500
>	Facsimile	(216) 595-6501
>	E-Mail  BlakeDickson@TheDicksonFirm.com
>	E-Mail TristanSerri@TheDicksonFirm.com
>
>	Attorneys for Plaintiffs Latundra Billups and Gladys Wade.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing, Plaintiffs Gladys Wade and Latundra Billups' Brief in Opposition to the Motion to Dismiss or in the alternative, Motion to Stay Discovery and Proceedings filed by Defendant Georgia Hussein, was filed this **12th day of March, 2019,** and served via the Court's electronic filing system to the following:

Gary S. Singletary, Esq.
Elena N. Boop, Esq.
Luke D. Mahoney, Esq.
Marian Kousaie Toney, Esq.
City of Cleveland - Law Department
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114

Attorneys for Defendant Georgia Hussein.

> By:	/s/ Blake A. Dickson
>	Blake A. Dickson (0059329)
>	Tristan R. Serri (0096935)
>
>	Attorney for Plaintiffs Latundra Billups and Gladys Wade.