IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Latundra Billups, et al., | ) | Case No. 1:18-CV-2189 |
| | ) | |
| Plaintiffs, | ) | Judge Solomon Oliver, Jr. |
| | ) | |
| v. | ) | REPORT OF PARTIES PLANNING |
| | ) | MEETING PURSUANT TO FED. R. CIV. P. |
| Georgia Hussein | ) | 26(f) AND L.R. 16.3(b). |
| | ) | |
| Defendant. | ) | |

1. Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.3(b), a conference call was held on February 26, 2019, and was attended by: Blake A. Dickson, Esq. and Tristan R. Serri, Esq. counsel for Plaintiffs and Elena N. Boop, Esq. and Elizabeth M. Crook, Esq. counsel for Defendant.

2. The parties will exchange pre-discovery disclosures as required by Fed.R. Civ.P. and this Court's prior order on or before April 3, 2019.

3. The parties recommend the following case remain on the standard track.

4. The parties are in agreement that the case is not suitable for Alternative Dispute Resolution.

5. The parties do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

6. Recommended Discovery Plan:

    (a) Describe the subjects on which discovery is to be sought and the nature and extent of discovery.

    As will be explained in Section 10, Plaintiffs and their counsel are of the opinion that all the discovery that was conducted in the originally filed case, prior to this case being re-filed and removed to this Court, be treated as if it was conducted in the currently pending case.

    (b) Discovery cut-off date:

    The parties are in agreement that the discovery cut-off date should be June 28, 2019.

7. Recommended Dispositive Motion Date:

    Plaintiffs' counsel would like this Honorable Court to require Defendant Hussein to seek leave if she wishes to file a Dispositive Motion.

Defendant Hussein would like the Dispositive Motion deadline to be August 14, 2019.

8. Recommended cut-off date for amending the pleadings and/or adding additional parties:

The parties agree to a date of March 20, 2019.

9. Recommended date for a status hearing:

The parties agree to August 7, 2019.

10. Other Matters to the Attention of the Court:

As stated above, Plaintiff would like all discovery that was conducted prior to this case being dismissed, re-filed and removed to be treated as if it was conducted in this re-filed case currently pending before this Court.

This case arises from the brutal attack and attempted murder of Gladys Wade and the rape, brutal attack and attempted murder of Latundra Billups. Plaintiff Gladys Wade originally filed her Complaint on December 9, 2010. Plaintiff Latundra Billups originally filed her Complaint on September 14, 2011. On November 29, 2011 these cases were consolidated into the case of *Joanne Moore, et al. v. City of Cleveland, et al.*, Case No. 743088.

These cases were pending in the Cuyahoga County Court of Common Pleas for eight years. Unfortunately, Plaintiffs were forced to dismiss their cases, without prejudice. They promptly re-filed their case. After re-filing their case, the case was remanded to Federal Court.

The following depositions have already been conducted:

- Defendant Georgia Hussein;
- Michael Baumiller;
- Kristine Rayburn;
- Antoinette McMahan; and
- Loraine Coyne.

There is no reason that all of these depositions cannot be treated as if they were conducted in this current case.

The parties have also exchanged and responded to written discovery requests, including interrogatories and requests for production of documents. A quantity of documents have been produced between the parties. There is no reason that the written discovery cannot be treated as if it was conducted in this current case.

The issues presented in this case are very sensitive, and it would be unnecessarily cruel to drag this case out longer than necessary or force the Plaintiffs to undergo the same discovery that has already been completed.

Defendant Hussein has not deposed either Plaintiff Latundra Billups nor Plaintiff Gladys Wade.  Plaintiffs' counsel does not oppose those depositions being conducted.  Plaintiffs' counsel does not oppose other lay witnesses from being deposed.  However, there is no reason to redo the depositions that have already been conducted, nor redo the written discovery that has already been conducted.

On September 17, 2018, Plaintiffs counsel identified Renee Hotz, RN, BSN, SANE-A/P, as an expert witness.  Plaintiff also produce a SANE Report relative to Latundra Billups and an Emergency Department Report relative to Gladys Wade.

On September 17, 2018, Plaintiffs' counsel also identified Joe Matthews, as an expert witness.  Plaintiffs' counsel produced Mr. Matthews' Expert Report and Amended Expert Report.

        Respectfully submitted,
        THE DICKSON FIRM, L.L.C.


By:    /s Blake A. Dickson
      Blake A. Dickson (0059329)
      Tristan R. Serri (0096935)
      Enterprise Place, Suite 420
      3401 Enterprise Parkway
      Beachwood, Ohio 44122
      Telephone   (216) 595-6500
      Facsimile    (216) 595-6501
      E-Mail       BlakeDickson@TheDicksonFirm.com
      E-Mail       TristanSerri@TheDicksonFirm.com

Attorneys for Plaintiffs Latundra Billups and Gladys Wade.

3

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing, Report of Parties Planning Meeting was filed this **15th day of March, 2019,** and sent via the Court's electronic filing system to the following:

Elena N. Boop, Esq.
Elizabeth M. Crook, Esq.
CITY OF CLEVELAND,
DEPARTMENT OF LAW
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114

Attorneys for Defendant Georgia Hussein.

                                                By:    /s/ Blake A. Dickson
                                                           Blake A. Dickson (0059329)
                                                           Tristan R. Serri (0096935)